POTSDAM ELECTRIC LIGHT & POWER CO. v. VILLAGE OF POTSDAM et al.

(Supreme Court, Appellate Division, Third Department. May 2, 1906.)

1. MUNICIPAL CORPORATIONS—LIGHTING PLANT—AUTHORITY FROM COMMISSIONER.

Expenditures by a village, prior to passage of Laws 1905, p. 2096, c. 737, § 11, providing that no municipality shall build and operate for other than municipal purposes any system for lighting, unless authority be granted by the state gas and electricity commission, having been only for investigating the feasability of constructing a lighting plant, and for making plans and specifications, do not prevent the act being operative in the case of such village.

2. TRIAL—REOPENING CASE—DISCRETION OF COURT.

Denial of defendant's motion to reopen the case to let in evidence material to no defense set up by the answer is a proper exercise of discretion.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 156–168.]

Appeal from Special Term, St. Lawrence County.

Sent by the Potsdam Electric Light & Power Company against the village of Potsdam, its trustees and others. From an order denying a motion to reopen the case, defendants appeal. Affirmed.

See 98 N. Y. Supp. 1113.

Argued before PARKER, P. J., and SMITH, CHESTER, COCHRANE, and KELLOGG, JJ.

Theo. H. Swift, for appellants.

Lowen E. Ginn, for respondent.

CHESTER, J. The action is brought by the plaintiff to restrain the defendants from the alleged illegal issue of $40,000 of bonds the proceeds of which the defendants propose to use in building an electric lighting plant to furnish the village of Potsdam and its inhabitants with light. One of the grounds of complaint is that the defendants have not received the certificate required by section 11 of chapter 737, p. 2096, of the Laws of 1905, which section provides that "no municipality shall build, maintain, and operate for other than municipal purposes any works or systems for the manufacture and supply of gas or electricity for lighting purposes without a certificate of authority granted by the (gas and electricity) commission." We have at this term affirmed the judgment in favor of the plaintiff, on the opinion of the learned justice before whom the case was tried at Special Term. 49 Misc. Rep. 18, 97 N. Y. Supp. 190.

In this opinion he said:

"Doubtless the statute does not apply to any case where the power has been partially exercised, as by the expenditure of money or property, or the incurring of any obligation properly and lawfully done in the carrying out of the then existing power to establish a lighting system."

Encouraged by this statement the appellants before the entry of judgment made a motion to reopen the case and give further evidence to establish, as they claimed, that the village of Potsdam had entered upon the work of establishing a lighting plant prior to the passage of the act in question, and had expended a large sum of money in constructing bulkheads, gates, and dams in improving a water power which it had purchased in 1889. From the denial of this motion the defendants have also appealed.

The affidavits presented upon the motion made upon their face a very strong case for reopening, but the answering affidavits very clearly show that most of the alleged acts of and expenditures of money by the village authorities prior to the passage of the law were made in increasing the village water supply system and had no reference whatever to a municipal lighting system. Before the passage of the act the village, it is true, authorized the expenditure of $300 for the purpose of investigating, by the aid of experts, the feasibility of constructing an electric lighting plant, and as a result of such expenditure a recommendation was made to establish the plant, and also an electrical engineer was employed to prepare maps, plans, and specifications for such plant. The president of the village also claims that he entered into a contract with the engineer to prepare such maps and specifications and to have

general charge of the construction of the plant, for which services the engineer was to have 5 per cent. fees, or $2,000. There appears to have been no authority to contract with the engineer to have general charge of the work or to pay him therefor, but the trustees of the village passed resolutions accepting and adopting the maps, plans, and specifications submitted by the engineer. The only expenditure of money before the passage of the act has been for investigating the feasibility of constructing the lighting plant and for the payment of an engineer to make plans and specifications therefor. Nothing in fact has been done in constructing the work called for by the plans, and therefore the case is not fairly brought within the exception mentioned by the trial justice. More than this it is entirely clear upon the affidavits used upon the motion that the village had entered into no contract or valid obligation of any kind looking to the construction of the plant recommended by the engineer and adopted by the board of trustees before the passage of the law, and, therefore, if the court had allowed the case to be reopened and all the evidence which the appellant desired had been introduced, the result would not have been changed. Moreover the answer contains no allegation that the village had expended any money or incurred any obligations toward or for the erection of a lighting plant prior to the passage of the law. The proposed evidence was, therefore, not material to any defense interposed. The court was entirely justified, therefore. in exercising its discretion in denying the motion to reopen the case.

The order should be affirmed, with $10 costs and printing disbursements. All concur, except PARKER, P. J., not voting.